provides, that "after replication filed, the plaintiff shall not be permitted to withdraw it, and to amend his bill, except upon a special order of a judge of the court, upon motion or petition, after due notice to the other party, and upon proof by affidavit, that the same is not made for the purpose of vexation or delay, and that the matter of the proposed amendment is material, and could not with reasonable diligence, have been sooner introduced into the bill," etc. It is very clear. the last requirement of this rule has not been complied with. No showing of "reasonable diligence" in procuring this amendment appears; nor is any reason given for the great delay which has occurred, in asking for it. Indeed, from the facts before the court, it would seem to be impossible that this provision of the rule can be complied with. As before noticed, this suit was brought not only with the knowledge, but by the immediate agency of Allen Latham, who was apprised of the interest of Bezer Latham in the land in controversy, and of the necessity of his being a party to the bill. And no reason or excuse is given, why he was not made a party. The rule cited prescribes only the conditions, on which the bill may be amended, after replication filed, but is silent, as to amendments, when the further progress of taking depositions in the case has been made. This marks another stage in a chancery cause. And as the rule does not contemplate the right of amendment, after depositions have been taken, it may perhaps be fairly inferred, that it is prohibited. By the practice of the English courts of equity, it seems, that unless under very special circumstances, a bill cannot be amended. after the case is at issue. It will not be allowed, in any case, unless the plaintiff shows not only that the proposed amendment is material, but that the party was not in a condition to have made it, at an earlier stage in the cause. Story. Comm. § 332, and the authorities there cited. But, if it be conceded, that even after the parties have taken their depositions. circumstances may exist, which may make it proper to grant leave to amend the bill, it is a conclusive answer to the present motion, that the facts of this case do not bring it within such an exception. As before intimated, from the agency of Allen Latham, in the institution of this suit, and the relation, in which he stood to the plaintiffs, they are chargeable with knowledge of Bezer Latham's interest in the land. And after the case has been pending for seven years, and has been at issue three years, and the parties have taken their testimony, it is clearly too late to allow an amendment of the bill. It would be unreasonable, after the defendants have been so long in court, and have made all their preparations for a hearing, on the pleadings and evidence as filed. that they should be put to answer a new case, by allowing an amendment of the bill. There is a reason too, why this motion should be regarded with little favor, in the fact, that the defendants not only deny in their answers, the equity of the plaintiffs' claim, but set up the lapse of time as a bar to their right to a decree. It is, certainly, in no aspect, a case calling for, or justifying, a relaxation of the settled rules of equity practice. The motion for leave to amend is therefore overruled.

ROSS (CHAMPION v.). See Case No. 2,585.

## Case No. 12,073.

### ROSS v. DAVY et al.

[See Case No. 12,071.]

## Case No. 12,074.

### ROSS v. GIBSON.[1]

Circuit Court, E. D. Pennsylvania. June 7. 1831.

PLEADING IN EQUITY—BILL TO ENFORCE CONVEYANCE—EXCEPTIONS TO ANSWER.

[1. A defendant must answer whether trustees named in a will under which the rights in litigation arose took upon themselves the execution of the trusts of the will.]

[2. A defendant must answer whether a copy of an indenture attached to complainant's bill, forming part of a chain of title to property in litigation, the original deed being in defendant's possession, is a true copy or not.]

[3. A defendant must answer what conveyances have been made by which certain trust estates set up in the answer were transferred, and state their contents, and whether the defendants are in enjoyment of the same.]

[4. The defendant must answer interrogatories relating to incumbrance of a trust estate. and to whom the interest thereon has been paid.]

[5. A defendant must answer whether an estate sought by the plaintiff's bill to be conveyed was in his possession, and what became of same when he parted with it.]

[6. A defendant in a bill to enforce a conveyance and for an account, must answer whether he has been asked for an account, and state the amount due.]

[Cited in Baker v. Biddle, Case No. 764.]

In equity. On exceptions to answer. Suit by Charles B. Ross and William S. Ross, citizens of Kentucky, and Thos. B. Ross, an alien, against James Gibson and Elizabeth, his wife, and Joseph Reed, to enforce the conveyance of certain trust estates and for an account. First exception was not passed on by the court. Second exception was that the defendants had failed to answer whether trustees appointed under a certain will under which all parties derived title had taken upon themselves the execution of the trusts of the will. Third exception was to failure to answer whether the copy of an indenture annexed to the bill was a true copy, this indenture being in defendant's possession, and to

---

[1] [Not previously reported.]